## MUNCH v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. April 24, 1905.)

1. MUNICIPAL CORPORATIONS—EMPLOYÉS—SALARIES—NEW YORK CITY CHARTER.

New York City Charter (Laws 1901, p. 32, c. 466) § 56, requires the board of aldermen, upon the recommendation of the board of estimate, to fix the salary of every person paid out of the city treasury. Section 10 of the charter (page 7), as amended by Laws 1902, p. 1068, c. 436, provides that between January 1 and May 1, 1902, the board of estimate may modify the budget for 1902, in various particulars, and fix salaries in any of the city offices. The coroners presented to the board of estimate an estimate, to which was appended a list of the persons employed by the coroners, with the salary assigned to each. In this list the name of one W., as assistant clerk, a position specifically provided for by section 1571 of the charter (page 646) at $1,500, appeared. Subsequently plaintiff was lawfully appointed as private clerk to a coroner; his duties to

commence on September 1, 1902. Neither his name, nor the position to
which he was appointed, appeared in the coroner's estimate, nor was his
salary fixed by the board of aldermen, but the coroner appointing him
purported to fix his salary at $1,500 per annum. Previous to plaintiff's
appointment, W. had been performing the duties of private clerk to the
coroner; but after plaintiff's appointment W. continued to perform the
duties of assistant clerk, and draw his salary accordingly. *Held* that,
while plaintiff lawfully held his position, there was no salary attached
thereto, and he could recover no salary from the city.

2. APPEAL—DISPOSITION OF CAUSE—REVERSAL—JUDGMENT ABSOLUTE.

Where it appears on appeal that no different state of facts could be
shown on a new trial, the court, on reversing a judgment for plaintiff,
will order judgment absolute for defendant.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error,
§§ 4577, 4579.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth
District.

Action by Martin O. Munch against the city of New York. From
a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREEN-
BAUM, JJ.

John J. Delany (Theodore Connoly and Arthur Sweeny, of
counsel), for appellant.

Meyer Greenberg, for respondent.

SCOTT, P. J. The plaintiff sues for salary as "private clerk to
Coroner Goldenkranz," one of the coroners of the city of New
York, for the months of September, October, and November, 1902.
The pleadings and evidence show that Solomon Goldenkranz be-
came a coroner on January 1, 1902; that there were then attached
to the coroner's office a number of persons designated as "assistant
clerks," appointed from the classified competitive civil service list,
one of whom, named George Wahl, acted as private or confidential
clerk to Coroner Goldenkranz until September 1, 1902, although
not specially appointed or designated as private clerk. On August
27, 1902, Coroner Goldenkranz appointed plaintiff as his "con-
fidential and private clerk" at a salary of $1,500 per annum; his
duties to commence on September 1, 1902. On the same day the
board of coroners ratified and approved the appointment, and due
notice thereof was given to the board of civil service commis-
sioners. This appointment was not made from any competitive
list, and the municipal civil service commission refused to recognize
the appointment, insisting that the position to which plaintiff was
appointed properly belonged in the classified list; the coroners
insisting that the position fell within the exempt class, as defined
by subdivision 3 of section 12 of the civil service law (Laws 1899,
p. 802, c. 370). This difference of opinion between the municipal
civil service commission and the coroners resulted in an applica-
tion by the coroners for a peremptory writ of mandamus requiring
the municipal civil service commission to place in the exempt
or noncompetitive class the position of clerk to each of the said
coroners, and in due course the mandamus issued as prayed for.

The result of this proceeding amounted to a judicial determination that each coroner was entitled, and had been from the beginning of his term of office, to appoint a private clerk, without reference to any competitive list of eligible persons. Hence the appointment of plaintiff by Coroner Goldenkranz on August 27, 1902, was legal and valid. This, however, does not determine his right to recover the salary he sues for.

It is fundamental that, in order to charge a liability upon a municipality, it must appear that all the provisions of law authorizing such a liability have been strictly complied with; and it follows that, where a claim is made for salary by a municipal employé, it must appear not only that the applicant has been legally appointed, but that his salary has been fixed by lawful authority. The coroner by whom plaintiff was appointed undertook to assign a salary to the position, but it is not shown, nor, as we understand it, even claimed, that he had any authority in this regard, and we are referred to no statute assigning a salary to the position to which plaintiff was appointed. Section 56 of the present charter (Laws 1901, p. 32, c. 466) provides that, except as in that section otherwise provided "it shall be the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every person or office whose compensation is paid out of the city treasury," other than certain classes of persons, in none of which is this plaintiff included. This section was in force when plaintiff was appointed. If any salary was ever lawfully assigned to plaintiff's position, it must have been fixed under this section of the charter, since his salary or compensation would be paid out of the city treasury, and he is not one of those officers or employés exempted by the terms of the statute from its operation. It does not appear and is not claimed that any direct, specific action has been taken by either the board of aldermen or the board of estimate and apportionment, fixing the salary to be paid plaintiff. Section 10 of the Greater New York charter was amended by chapter 436, p. 1068, of the Laws of 1902, so as to provide that between January 1st and May 1st in the year 1902 the board of estimate and apportionment might alter, modify, or amend the budget for the year 1902 in various particulars, and, among other things, to fix salaries in any of the offices, departments, bureaus, boards, or commissions of the city. This act went into effect on April 8, 1902. In order to enable the board of estimate and apportionment to act, the board of coroners for the borough of Manhattan presented an estimate calling for an appropriation of $61,920, to which was appended a list of the persons employed by the coroners, with the salary assigned to each. In this list appears the name of George Wahl, assistant clerk, at $1,500. The board of estimate appropriated for the expenses of the coroners' office the sum of $60,000. Neither plaintiff's name, nor the position to which he was afterwards appointed, appeared anywhere in the list appended to the coroners' estimate, for the sufficient reason that he had not then been appointed, nor his position created. It is clear that the fact of the making of the appropriation

for the coroners' office cannot be construed as a fixation of plaintiff's salary.

It is urged, however, that inasmuch as no claim is made by the city that Wahl's salary was not properly fixed, and that plaintiff performed after September 1, 1902, the same services that Wahl had performed prior thereto, the legal fixing of Wahl's salary in some way inures to plaintiff's benefit. This claim will not bear examination. Plaintiff was not appointed in Wahl's place, because the latter continues to hold the same position and draw the same salary that he did before. Wahl prior to September 1st did not hold the position plaintiff now holds, but the same position he had always held and still holds; that of assistant clerk—a position specifically provided for and recognized by section 1571 of the present charter (Laws 1901, p. 646, c. 466). All that can be said is that prior to September 1, 1902, Wahl, while holding the position of assistant clerk, performed the duties of private clerk to Coroner Goldenkranz. The result is that we find ourselves compelled to hold that during the months in question the plaintiff lawfully held an office to which no salary was legally attached. It follows, of course, that he cannot recover from the city.

As requested by the respondent, we have considered as a part of the history of the case, necessary to sustain the legality of plaintiff's appointment, the record in the proceeding for a mandamus above referred to, although not included in the return. We have also been furnished by the respondent with a copy of an opinion of the corporation counsel, addressed to the comptroller under date of March, 1903, referring to the claim for salary for the month of January, 1903, of one of the four coroners' private clerks. That opinion advised the payment. It appears, however, that the estimate for the year 1903 submitted by the coroners to the board of estimate and apportionment contained in its schedule of employés and their proposed salaries an item reading, "Four personal clerks, $2,000 each, one to each coroner." As already pointed out, the estimate for the month of September, October, and November, 1902, contained no such item. The opinion of the corporation counsel as to salaries for January, 1903, does not necessarily conflict with the views we entertain as to salaries in 1902.

The judgment must be reversed, with costs, and, since it is apparent that no different state of facts could be shown on a new trial, there must be judgment absolute for the defendant, with the appropriate costs in the Municipal Court. All concur.