(48 Misc. Rep. 407.)

### O'CONNOR v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. October 27, 1905.)

MUNICIPAL CORPORATIONS—CLERK TO CORONER—SALARY.

Where the municipal civil service commission of the city of New York added to the classification of the class exempt from competition "one clerk to each coroner," this was the addition of a new office, and not the transfer of an office from the competitive to the exempt class, so that, no provision having been made for his salary, a clerk appointed to a coroner from outside the competitive eligible list cannot recover for his services, though performing the same duties theretofore performed by a clerk belonging to the competitive class, for whom a salary was provided.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Francis J. O'Connor against the city of New York. From a judgment for plaintiff, after a trial without a jury, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

John J. Delany (Royal E. T. Riggs, of counsel), for appellant.
Meyer Greenberg, for respondent.

SCOTT, P. J. We are unable to differentiate the facts in this case from those presented and passed upon in Munch v. City of New York (Sup.) 93 N. Y. Supp. 509. It was there held that during the late months of 1902 Munch lawfully held the office of private clerk to one of the coroners, but that, since no salary had at that time been legally attached to the position, the plaintiff could not recover from the city. It is now urged that this plaintiff was appointed to an office theretofore held by one Albright, who had succeeded one McCormick. The evidence shows that McCormick held for some time a position designated as assistant clerk to the board of coroners, a position classified upon the civil service schedules as in a competitive class, and one to which a salary was duly attached. When Coroner Brown entered into office he found McCormick fulfilling the duties of a personal clerk to one of the coroners, and continued him in that relation to himself; but all the time McCormick's legal, official title and office was that of "assistant clerk to the board of coroners." Each of the other coroners employed an assistant clerk as personal clerk. Believing that, as judicial officers, they were each entitled to appoint a private or personal clerk, without confining themselves to a selection from the competitive eligible lists, one of the coroners brought the question to an issue by appointing Munch his private clerk. Ultimately the contention of the coroners on this question was sustained by this court, and under the direction of the court the municipal civil service commission added

to the classification of the exempt class "one clerk to each coroner in the borough of Manhattan." This was clearly the addition of a new office to the classified list, and not the transfer of an office from the competitive to the exempt class. The position of assistant clerk still remained in the competitive class. The plaintiff was appointed private clerk to Coroner Brown on December 1, 1902. By that time McCormick had been transferred to another department and one Albright had been appointed to succeed him. Albright resigned at the time plaintiff was appointed.

It is perfectly clear that McCormick and Albright, his successor, held an entirely different position from that to which the plaintiff was appointed. They held a long-established position, which was duly and regularly classified in the competitive class. He was appointed to a new position in the exempt class. He could not have been appointed to the position left vacant by Albright's resignation, because to be appointed to that office he must have been on the eligible list. That McCormick and Albright had fulfilled the duties which afterwards attached to the new office to which plaintiff was appointed does not, in a legal sense, establish the identity of the two positions. It is regrettable that the plaintiff, who was legally appointed, and doubtless performed the services attached to his office, ·cannot recover; but, for the reasons elaborated in the Munch Case, it seems clear that he has no legal claim against the city for salary for the month of December, 1902, for which he now sues. That no assistant clerk was appointed in Albright's place does not affect the question. The only effect of that is that there was an unfilled vacancy in the office of assistant clerk.

The judgment must be reversed, with costs, and, as it is apparent that no new facts could be brought out upon another trial, judgment absolute must be directed for defendant, with the appropriate costs in the court below. All concur.